UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL ALFORD,

      Plaintiff,

  v.

KRISTEN ALFORD,

      Defendant.

_____/

Case No. 2:26-cv-121-KCD-NPM

## **ORDER**

Last month, Defendant Kristen Alford filed a notice of removal, seeking to pull her state court divorce proceedings into federal court. (Doc. 1.) Five days later, this Court dismissed the case because Alford—who is not in custody—failed to pay the required filing fee or file a motion to proceed in forma pauperis (IFP) at the time of removal. (Doc. 5.)

Now, Alford returns with an "Emergency Motion for Reconsideration." (Doc. 11.) She explains that she filed an IFP application several days after removing the case because court staff allegedly told her she could bring the paperwork back later. (*Id.* at 1.) She seeks to reopen the case, arguing the dismissal was a clerical mistake.

The motion is **DENIED**. Procedural rules are not mere suggestions that can be ignored. But even if the Court were to overlook the timing of the IFP

application, it cannot overlook a far more fundamental problem: Alford has not provided authority for the Court to hear this case.

First, the mechanics. A civil action in federal court comes with a price of admission. Under 28 U.S.C. § 1914(a), parties instituting any civil action—including removal—must pay a filing fee. While 28 U.S.C. § 1915(a)(1) allows courts to waive this fee for those unable to pay, the request must accompany the filing to ensure the action is properly commenced. *See Myers v. City of Naples, Fla.*, No. 23-13073, 2024 WL 4691100, at *1 (11th Cir. Nov. 6, 2024).

Alford admits she did not file her IFP application until four days after the notice of removal. The Local Rules of this Court are clear: the Clerk may accept papers without fees from persons in custody, but for everyone else, the fee or the motion to waive it is due at the door. *See* M.D. Fla. Local Rule 1.05(c). The Court cannot manage its docket if filings arrive piecemeal, with the complaint arriving one week and the requisite fee (or request to waive it) arriving the next.

But let us assume, for the sake of argument, that the timing of the IFP motion was a minor foul instigated by erroneous advice from the Clerk's office. It would not matter. The Court would still have to dismiss this case because it is legally frivolous. Alford attempts to remove a state court action involving the dissolution of marriage, child custody, and the division of marital assets. (Doc. 1-1.) As explained below, she has not shown jurisdiction to hear such claims.

Federal courts have limited jurisdiction. We "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). We do not have a general power to review state court decisions or to referee domestic disputes. *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992). The documents attached to the removal notice plainly show that this is a dispute over a divorce decree, parenting plans, and child support. (Doc. 1-1.) These are paradigmatic state law issues. No matter how Alford dresses up the removal notice, the core of this case remains a domestic relations dispute. Federal courts have no business deciding who gets the 2007 Chevrolet Equinox or which parent has the tax deduction. And to the extent Alford believes the state court got those decisions wrong, this is not the correct forum. *See, e.g.*, *Jefferson v. Slaughter*, No. 6:22-CV-346-PGB-DAB, 2022 WL 17416788, at *5 (M.D. Fla. July 29, 2022).

Apparently recognizing the jurisdictional problem posed here, Alford does allege that this case "arises under the Constitution, federal laws, or treaties, in addition to 42 U.S.C. § 1983." (Doc. 1.) But under the "well-pleaded complaint" rule, federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's pleadings. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). A defendant cannot create federal jurisdiction by proclaiming there is an issue of federal law when the complaint contains no such claims or allegations. *See Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009).

3

The plaintiff in the underlying action, Alford's ex-husband, filed a standard petition for dissolution of marriage under Florida law. That complaint contains no federal claim. Therefore, there is no federal hook to pull the case into this Court.

Alford seeks to reopen a case that this Court has no power to decide. To grant the motion would be futile—we would be reopening the door only to immediately usher the parties back out. The Court declines to participate in that waste of everyone's time. For these reasons, it is **ORDERED**:

1. Alford's Emergency Motion for Reconsideration (Doc. 11) is **DENIED**.

2. The Clerk is **DIRECTED** to deny all other pending motions and keep the case closed.

**ENTERED** in Fort Myers, Florida on February 9, 2026.

Kyle C. Dudek
United States District Judge

4